(Not for publication)                                           (Docket No. 17 )

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| MARS INCORPORATED, | : | |
| Plaintiff, | : | Civil No. 05-3165 (RBK) |
| v. | : | **OPINION** |
| JCM AMERICAN CORPORATION, JAPAN CASH MACHINE CO. LTD., | : | |
| Defendants. | : | |

**KUGLER**, District Judge:

The matter presently before the Court is Plaintiff Mars Incorporated's "Motion to Dismiss Defendants' Counterclaim for Inequitable Conduct." (D.E. #17.) Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), Plaintiff seeks to dismiss and/or strike the Defendants' inequitable conduct defenses and counterclaim. For the reasons that follow, the Court will deny Plaintiff's motion.

**I. BACKGROUND**

Plaintiff Mars Incorporated ("Mars") is the owner of United States Patent Nos. 5,577,589 ("the '589 Patent") and 6,712,352 ("the '352 Patent")(collectively "patents-in-suit"). (Compl. ¶ 1.) The patents-in-suit cover component parts of document handlers, including bill validators used in vending machines, gaming machines, and similar devices requiring validation of paper currency. (Compl. ¶ 1.)

Defendant Japan Cash Machine Co. Ltd. manufactures bill validators and conducts business in this jurisdiction through its subsidiary, Defendant JCM American Corporation. (Compl. ¶ 9; Answer ¶ 9.) Mars alleges that the Defendants manufacture, use, sell, offer for sale and/or import into the United States bill validators covered by the patents-in-suit. (Compl. ¶ 17.) According to Mars, these alleged activities constitute willful and deliberate infringement of the patents-in-suit. (See Compl. ¶ 19.) Consequently, in this lawsuit, Mars seeks (1) judgment against Defendants, (2) a permanent injunction against Defendants prohibiting any further infringement, (3) damages, (4) treble damages, (5) attorneys' fees and costs, and (6) interest.

In their Answer, the Defendants have raised several affirmative defenses and a counterclaim against Mars. The present motion relates to Defendants' Sixth Affirmative Defense, Seventh Affirmative Defense, and paragraphs 18-20 and 35-37 of Defendants' counterclaim. These particular defenses and portions of the counterclaim allege inequitable conduct on the part of Mars and/or its attorneys in their dealings with the United States Patent and Trademark Office ("PTO"). Specifically, the Sixth Affirmative Defense and paragraphs 18-20 of Defendants' counterclaim contain identical language which states:

18. On information and belief, there are several claims in the '352 Patent that are invalid in view of one or more of U.S. Patent Nos. 5,836,510; 5,615,625; 5,624,017; 5,161,736 and/or 6,585,260, either alone or in combination.

19. On information and belief, MARS, the named inventor(s) and/or the attorneys responsible for prosecuting the patent application leading to the '352 Patent were aware of the teachings of one or more of the foregoing prior art references as well as additional prior art references assigned to MARS prior to and/or during the prosecution of the '352 Patent application and failed to advise the Patent Office of the prior art references, and the materiality thereof, leading to the issuance of the claims of the '352 Patent that would not have been allowed if the USPTO had been advised of the foregoing prior art.

    20.    In view of the foregoing acts, the claims of the '352 Patent are unenforceable for inequitable conduct.

In addition, the Seventh Affirmative Defense and paragraphs 35-37 of Defendants' counterclaim likewise contain identical language which provides:

    35.    On information and belief, there are several claims in the '589 Patent that are invalid in view of one or more of U.S. Patent Nos. 4,734,564; 4,037,703; and/or 4,348,656, either alone of in combination.

    36.    On information and belief, the named inventor(s) and/or the attorneys and/or MARS as the assignee, whom were all responsible for prosecuting the patent application leading to the '589 Patent, were aware of the teachings of the prior art including one or more of the foregoing prior art references prior to and/or during the prosecution of the '589 Patent application and failed to advise the Patent Office of the prior art references, and the materiality thereof, leading to the issuance of the claims of the '589 Patent that would not have been allowed if the USPTO had been advised of the foregoing prior art.

    37.    In view of the foregoing acts, the claims of the '589 Patent are unenforceable for inequitable conduct.

Essentially, the inequitable conduct defenses and counterclaim state that the patents-in-suit should be invalidated because Mars and/or its attorneys knew of material prior art at the time Mars applied for the patents-in-suit, but failed to disclose that prior art to the PTO during the patent prosecution process.

In response, Mars filed the present motion seeking to dismiss and/or strike the inequitable conduct defenses and counterclaim on grounds that Defendants failed to sufficiently plead inequitable conduct. Mars contends that Defendants failed to plead the "intent to deceive" element of a proper inequitable conduct claim. In addition, Mars alleges that the Defendants' inequitable conduct allegations do not satisfy the heightened pleading requirement under Federal Rule of Civil Procedure 9(b), which provides that claims sounding in fraud must be plead with particularity. Therefore, Mars seeks to dismiss Defendants' inequitable conduct counterclaim

pursuant to Federal Rule of Civil Procedure 12(b)(6) and likewise seeks to strike the inequitable conduct defenses pursuant to Federal Rule of Civil Procedure 12(f).

By contrast, the Defendants have submitted a brief in opposition to Mars' motion to dismiss and/or strike the inequitable conduct defenses and counterclaims. In support of their opposition, Defendants claim that they have pled inequitable conduct with the requisite specificity. They contend that their pleading (1) identifies the material prior art that Mars allegedly withheld from the PTO, (2) alleges Mars' knowledge of those prior art references, and (3) asserts Mars' failure to properly disclose that material prior art to the PTO. According to Defendants, these three allegations together satisfy the heightened pleading requirement necessary for an inequitable conduct claim or defense. The Court will address the parties' arguments in turn.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or counterclaim may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is the appropriate means by which a party may challenge the legal sufficiency of a counterclaim. See LabWare, Inc. v. Thermo Labsystems, Inc., No. Civ. A. 04-2545, 2005 WL 256460, at *2 (E.D. Pa. Jan. 31, 2005); Reeves v. Am. Broadcasting Companies, Inc., 580 F. Supp. 84, 89 (S.D.N.Y. 1983), aff'd,719 F.2d 602 (2d Cir. 1983).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint (or counterclaim) and must provide the claimant with the benefit of all inferences that may be fairly drawn from the contents of the complaint (or counterclaim). See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d

Cir. 1989). The Court may not grant a Rule 12(b)(6) motion to dismiss unless it is certain that no set of facts can be proven that would entitle the claimant to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Nevertheless, when deciding a motion to dismiss, the Court need not credit a party's conclusory allegations, bald assertions, or legal conclusions masquerading as factual claims. See Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

### B. Motion to Strike Pursuant to Rule 12(f)

Whereas Rule 12(b)(6) governs the sufficiency of a counterclaim, Rule 12(f) governs the sufficiency of affirmative defenses. United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989) ("a motion to strike is the primary procedure for objecting to an affirmative defense"); 5 Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 1380 (same). Rule 12(f) provides that "upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike under Rule 12(f) eliminates insufficient defenses and saves the time and expense of litigating issues that ultimately would not affect the outcome of the case. United States v. Geppert Bros., Inc., 638 F.Supp. 996, 998 (E.D. Pa. 1986) (citing Narragansett Tribe v. Southern Rhode Island Land Dev. Corp., 418 F.Supp. 798, 801 (D.R.I. 1976)). However, courts prefer not to grant a motion to strike "unless it appears to a certainty that . . . [the movant] would succeed despite any statement of the facts which could be proved in support of the defense." Greiff v. T.I.C. Enter., L.L.C., No. Civ. 03-882, 2004 WL 115553, *2 (D .Del. Jan. 9, 2004) (quoting Salcer v. Envicon Equities, Corp., 744

F.2d 935, 939 (2d Cir. 1984)).

Although a different section of Rule 12 governs challenges to counterclaims as opposed to defenses, both kinds of challenges relate to the legal sufficiency of a party's pleadings. Therefore, the same standard of review applies to both kinds of challenges. See Nat'l Accident Ins. Underwriters v. Citibank, FSB, 333 F. Supp. 2d 720, 722 (N.D. Ill. 2004) ("Motions to strike an affirmative defense are treated under the same legal standard as motions to dismiss."); see Sony Fin. Servs., LLC v. Multi Video Group, Ltd., No. 03-Civ-1730, 2003 WL 22928602, *8 (S.D.N.Y. Dec. 12, 2003) ("The standard that applies to a motion to strike is the 'mirror image' of the standard on a 12(b)(6) motion to dismiss for failure to state a claim."). Accordingly, the Court will apply the Rule 12(b)(6) standard enumerated above to Plaintiff's motion to strike Defendants' inequitable conduct defenses, as well as Plaintiff's motion to dismiss the inequitable conduct counterclaim.

## III. DISCUSSION

### A. Inequitable Conduct in Patent Cases

Inequitable conduct occurs when a patentee breaches his or her "duty of candor, good faith, and honesty" to the PTO. Warner-Lambert Co. v. Teva Pharm. USA, Inc., 418 F.3d 1326, 1342 (Fed. Cir. 2005) (quoting Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995)). Inequitable conduct includes affirmative misrepresentations of material facts as well as the failure to disclose material information to the PTO. Id.; Pharmacia Corp. v. Par Pharm., Inc., 417 F.3d 1369, 1373 (Fed. Cir. 2005). In the patent application context, the knowledge and actions of a patentee's representatives are chargeable to the patent applicant. FMC Corp. v. Manitowoc Co., 835 F.2d 1411, 1415 n.8 (Fed. Cir. 1987).

To ultimately prevail on an inequitable conduct claim or defense, a party must establish

either (1) an affirmative misrepresentation of material fact, *or* (2) a knowing failure to disclose material information or submission of false information, *and* (3) an intent to deceive the PTO. Purdue Pharma L.P. v. Endo Pharm., Inc., 438 F.3d 1123, 1128 (Fed. Cir. 2006) (citing Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995)) (emphasis added).  The party raising the inequitable conduct claim or defense has the burden to establish by clear and convincing evidence both the materiality of the patentee's misrepresentation or omission and the patentee's intent to deceive. Kingsdown Med. Cons., Ltd. v. Hollister, 863 F.2d 867, 872 (Fed. Cir. 1988) (citing J.P. Stevens & Co., Inc. v. Lex Tex Ltd., Inc., 747 F.2d 1553, 1559 (Fed. Cir. 1984)); Bristol-Meyers Squibb Co. v. Ben Venue Lab., 90 F. Supp. 2d 522, 527 (D.N.J. 2000).  Where a court finds that a patentee has engaged in inequitable conduct before the PTO, the court may invalidate the patent. Boehringer Ingelheim Animal Health, Inc. v. Schering-Plough Corp., 984 F. Supp. 239, 261 (D.N.J. 1997) (citing Refac Int'l, Ltd. v. Lotus Dev. Corp., 81 F.3d 1576 (Fed. Cir. 1996)).

  Although this standard for ultimately proving an inequitable conduct claim is clearly established in Federal Circuit precedents, the question presently before the Court is slightly different.  That is, the issue here is not whether Defendants have sufficiently proven the elements of inequitable conduct, but rather whether the Defendants have sufficiently pleaded their inequitable conduct counterclaim and defenses such that those claims and defenses should withstand a Rule 12 challenge.  The specific pleading requirements of an inequitable conduct claim of this kind are not as clearly defined as the standard for adjudicating inequitable conduct claims on the merits.

  Nevertheless, in addressing the pleading requirements of an inequitable conduct claim, courts have recognized that an inequitable conduct claim falls within the scope of Federal Rule of

Civil Procedure 9(b), and therefore, any inequitable conduct claim or defense must be pled with particularity. See Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Systems, LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003); see also EMC Corp. v. Storage Tech. Corp., 921 F. Supp. 1261, 1263 (D. Del. 1996) (" . . . the particularity requirement of Rule 9(b) applies to inequitable conduct charges").  Specifically, Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

To satisfy the Rule 9(b) standard, a party alleging fraud can either specify the time, place, and content of the allegedly fraudulent behavior, or otherwise "inject precision and some measure of substantiation into their allegations of fraud." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984) (noting that although allegations of date, time and place satisfy Rule (b), such allegations are not required so long as the party alleging the fraud uses alternative means of injecting some measure of precision and substantiation in their claim); Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1984) (finding that fraud allegations must be precise and have some measure of substantiation), abrogation on other grounds recognized, Forbes v. Eagleson, 228 F.3d 471 (3d Cir. 2000).  A primary purpose behind the heightened pleading requirement for claims alleging fraudulent behavior is to provide litigants with notice of the claims against them and an increased measure of protection for their reputations. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997).  Additionally, the heightened pleading requirement "reduces the number of frivolous suits brought solely to extract settlements." Id.  With these objectives in mind, courts still must apply Rule 9(b) with some flexibility so that a party is not required to plead issues which may have been concealed by an adverse party. Rolo, 155 F.3d at 658.

Although the Federal Circuit has found that inequitable conduct claims must be pled with particularity, that Court has also recognized that inequitable conduct claims are broader in scope than common law fraud claims. Ferguson Beauregard, 350 F.3d at 1344.  In Ferguson Beauregard, the Court indicated that "inequitable conduct, while a broader concept than fraud, must be pled with particularity." Id.  For instance, a claim of common law fraud on the PTO for purposes of establishing an antitrust violation requires the defendant to "make a greater showing of scienter and materiality" than situations where the defendant merely alleges inequitable conduct before the PTO. C.R. Bard, Inc. v. M3 Sys., Inc., 157 F.3d 1340, 1365 (Fed. Cir. 1998). Clearly, C.R. Bard involved the standard for *adjudicating* common law fraud v. inequitable conduct claims as opposed to the standard for *pleading* common law fraud v. inequitable conduct claims.  Nonetheless, because inequitable conduct is substantively different than a common law fraud claim, the Defendants argue that it is unclear whether the heightened pleading requirement for an inequitable conduct claim should likewise be something different than the heightened pleading requirement for a common law fraud claim.  In other words, although the Federal Circuit has recognized that inequitable conduct must be pled with particularity, the Defendants argue that it is uncertain what level of particularity must be pled in light of the Federal Circuit's indication that inequitable conduct is not the same thing as fraud.

Given this potential ambiguity, the parties' primary disagreement here relates to the level of particularity that must be pled for an inequitable conduct claim.  As mentioned above, Mars contends that Defendants failed to plead inequitable conduct with the requisite particularity because (1) Defendants allegedly have not averred an intent to deceive, and (2) Defendants allegedly have not pled any misrepresentations/omissions with sufficient particularity.  In contrast, the Defendants argue that they have pled inequitable conduct with sufficient

particularity because they have identified the material prior art that was allegedly withheld from the PTO and they have alleged that Mars and/or its representatives knowingly withheld that material information in bad faith.  Defendants contend that their inequitable conduct counterclaims and defenses clearly put Mars on notice of the precise misconduct alleged, and further, that any intent to deceive may be inferred from the other allegations.

### B. Pleading Inequitable Conduct Under Rule 9(b)

In other cases involving allegations of inequitable conduct before the PTO, district courts in the Third Circuit have found that pleadings that disclose the name of the relevant prior art and disclose the acts of the alleged fraud fulfill the requirements of Rule 9(b). See e.g., McKesson Info. Solutions, LLC v. Trizetto Group, Inc., No. Civ. 04-1258-SLR, 2005 WL 914776, *3 (D. Del. Apr. 20, 2005); Martek BioSciences Corp. v. Nutrinova Inc., No. Civ. A. 03-896, 2004 WL 2297870, *3 (D. Del. Oct. 8, 2004); TruePosition v. Allen Telecom, Inc., No. C.A. 01-823 GMS, 2003 WL 151227, *5-6 (D. Del. Jan. 21, 2003); France, Telecom S.A. v. Novell, Inc., No. 102-437-GMS, 2002 WL 31355255 (D. Del. Oct. 17, 2002); EMC, 921 F. Supp. at 1263; see also Schwarzkopf Tech Corp. v. Ingersoll Cutting Tool Co., 820 F. Supp. 150, 154 (D. Del. 1992) (disclosure of prior art patent fulfills pleading requirements of 9(b)).  This standard apparently derives from the premise that, in the Third Circuit, Rule 9(b) does not require that pleadings allege the time, date, or place of the alleged inequitable conduct, provided that the pleadings supply the adverse party with notice of the precise misconduct alleged.[1]  See EMC, 921 F. Supp.

---

[1] In its reply brief, Mars cites Stowe Woodward, L.L.C. v. Sensor Prods., 230 F.R.D. 463, 466 (W.D. Va. 2005) for the proposition that a party must "allege the time, place, and contents that underlie the inequitable conduct."  Pl. Opp. at 4 (citing Stowe, 230 F.R.D. at 466). However, the court in Stowe specifically noted that this Fourth Circuit requirement does not necessarily apply in the Third Circuit.  Id. at 467 (stating that Third Circuit law regarding the specific pleading requirements of Rule 9(b) does not require a party to plead the date, time, or place of the inequitable conduct).

at 1263 (citing Seville, 742 F.2d 486).

In EMC, the plaintiff alleged an intent to deceive in its inequitable conduct counterclaim, but it did not identify the material prior art which was allegedly withheld from the PTO. Id. at 1262-63. Specifically, the plaintiff claimed that the defendant failed to disclose to the PTO material art known to the defendant prior to issuance of the patent-in-suit. Id. The court found that the plaintiff failed to plead inequitable conduct with sufficient specificity because "at a minimum, EMC should have disclosed the relevant prior art." Id. at 1263. Although the plaintiff's counterclaim specifically alleged intent to mislead, the court did not discuss any pleading requirements regarding the intent to deceive element of inequitable conduct. See id. at 1262.

Similarly, in Martek, the same court found that the defendant's inequitable conduct defenses and counterclaim did not meet the standards of Rule 9(b). Martek Biosciences Corp. v. Nutrinova Inc., No. Civ. A. 03-896, 2004 WL 2297870, *3 (D. Del. Oct. 8, 2004). In Martek, the defendant's inequitable conduct defenses and counterclaim alleged that (1) plaintiff filed and prosecuted a patent application with material false data, which resulted in issuance of the patent-in-suit; and (2) plaintiff knew that the application contained material false data, but nevertheless filed, prosecuted, and convinced the PTO to issue the patent-in-suit based on the material false data. Id. at *2. Both the inequitable conduct defense and counterclaim also specifically stated that the patent-in-suit was unenforceable because of plaintiff's inequitable conduct. Id. However, the inequitable conduct defense and counterclaim did not contain any specific allegations of an intent to deceive. Id.

Ultimately, the court found that the defendant had not pled inequitable conduct with sufficient specificity because the inequitable conduct claim did not identify the "material false

data" that the plaintiff allegedly submitted to the PTO. Id. at *3.  In reaching that conclusion, the court cited to the Seville standard, which as mentioned above, provides that a party must inject some precision and measure of substantiation into their allegations of fraud. Martek, 2004 WL 2297870, at *3 (citing Seville, 742 F.2d at 791).  The court reasoned that even though the defendant's pleading did not necessarily have to *describe why* the data submitted to the PTO was false or material, the defendant did have to at least *identify* the data which was alleged to be both material and false. Id.  Significantly, the Martek court did not examine the plaintiff's failure to plead an intent to deceive, nor did it suggest that the failure to specifically aver that intent would be fatal to the inequitable conduct counterclaim and affirmative defense.

Unlike EMC and Martek, the Delaware district court found in McKesson that the defendant had sufficiently pled inequitable conduct under Rule 9(b). McKesson Info. Solutions, LLC v. Trizetto Group, Inc., 2005 WL 914776, *3 (D. Del. 2005)  In McKesson, the defendant pled an inequitable conduct counterclaim against the plaintiff, wherein the defendant (1) alleged that the plaintiff intentionally made misrepresentations or omissions to the PTO, (2) provided the prior art references that were allegedly withheld from the PTO, and (3) stated the acts of the alleged fraud (i.e. the failures to disclose the prior art). See id. at *2.  Without any mention of the intent to deceive element or its relevance to the 9(b) requirements, the court found that the defendants had met the heightened pleading requirements under Rule 9(b) because they alleged both the relevant prior art and the alleged acts of fraudulent behavior. Id. at *3.

Again, in TruePosition, the same court found that the defendant satisfied the pleading requirements for an inequitable conduct claim in the context of a PTO patent prosecution. TruePosition v. Allen Telecom, Inc., No. C.A. 01-823 GMS, 2003 WL 151227, *5 -6 (D. Del. Jan. 21, 2003).  In TruePosition, the inequitable conduct defense at issue constituted one

paragraph which "name[d] the title and publication date of at least one allegedly withheld material prior art publication." Id. at *5.  Referring to EMC, the court found that this paragraph at the very least disclosed the allegedly withheld prior art and the acts of the alleged fraud. Id. at *5. Therefore, the inequitable conduct defense sufficed to "apprise the other party of what [was] being alleged in a manner sufficient to permit responsive pleadings as Rule 9 requires." Id. (citing 5 Wright & Miller § 1296 (1990)).  There is no indication in the opinion that the defendant made any allegations in its inequitable conduct counterclaim regarding an intent to deceive, nor did the court suggest that a specific allegation of intent was necessary to satisfy the Rule 9(b) requirements.

In a similar case from within this judicial circuit, the court balanced the pleading requirements of Rule 9(b) against the requirements of Rule 8 and ultimately determined that the defendant's inequitable conduct defense satisfied any heightened pleading requirements. See France, Telecom S.A. v. Novell, Inc., No. 102-437-GMS, 2002 WL 31355255 (D. Del. 2002).  In Novell, the court noted that although pleadings of fraud or mistake must be stated with particularity under Rule 9(b), such averments still remain subject to the liberal pleading requirements of Rule 8. Id. at *2 (citing In re Westinghouse Sec. Litig., 90 F.3d 696, 703 (3d Cir. 1996); 5 Wright & Miller, § 1281 (1990)).  Because the defendant's amended inequitable conduct defense provided the author, title, and publication date of the relevant prior art allegedly withheld from the PTO, the court found that the defendant's answer sufficed "to apprise the other party of what [was] being alleged in a manner sufficient to permit responsive pleadings as Rule 9 requires."  Id. (citing 5 Wright & Miller § 1296 (1990)).

Applying these cases to the present matter, the Court finds that the Defendants' inequitable conduct defenses and counterclaim satisfy any applicable heightened pleading

requirement.  With respect to the material prior art allegedly withheld from the PTO, the Defendants have specifically identified those prior art references by U.S. Patent Number. See Answer ¶¶ 18, 35; cf. Martek, 2004 WL 2297870; EMC, 921 F. Supp. 1261.  In addition, the Defendants have identified the alleged acts of inequitable conduct, the alleged actors committing the misconduct, and the general timing of that misconduct.  Specifically, the Defendants allege that "Mars, the named inventor(s) and/or the attorneys responsible for prosecuting the patent applications" were aware of the materiality of the named prior art references before or during the prosecution of the patents-in-suit, yet they allegedly failed to advise the PTO of those material references during the patent prosecution process. (See Aff. Defenses, ¶¶ 6-11; Counterclaims, ¶¶ 18-20, 35-37.)  In other words, the allegations in Defendants' inequitable conduct defenses and counterclaim contain some measure of substantiation and precision. See Seville, 742 F.2d at 791. Because the Defendants' Answer discloses the name of the prior relevant art and the acts of alleged fraud, the Defendants' inequitable conduct allegations apprise Mars of the claim against it in a manner that permits a responsive pleading. See TruePosition, 2003 WL 151227, *5; EMC, 921 F. Supp. at 1263; 5 Wright & Miller §1296 (1990).

      Plaintiff's arguments disputing the veracity of Defendants' allegations, including Plaintiff's arguments regarding intent to deceive, would be more appropriately raised in summary judgment motions or at trial.  Indeed, it will be Defendants' burden to establish by clear and convincing evidence the materiality and intent elements of a successful inequitable conduct claim.  However, with respect to the legal sufficiency of the pleadings, the Court finds that the Defendants' have adequately pled inequitable conduct.  Accepting the Defendants' inequitable conduct allegations as true, and providing the Defendants with all inferences that may fairly be drawn from the contents of the counterclaim and defenses, the Court is not certain that there is no

set of facts that could be proven to entitle Defendants to relief.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion to dismiss and/or strike Defendants' inequitable conduct counterclaim and defenses.  The accompanying Order shall issue today.


Dated:   6-14-06                                                       s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge