(Not for Publication) [Doc. No. 68]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARS, INCORPORATED,<br><br>      Plaintiff,<br><br>  v.<br><br>JCM AMERICAN CORP., et al.,<br><br>      Defendants. | Civil No. 05-3165 (RBK) |

**OPINION AND ORDER TO SEAL**

This matter is before the Court on the unopposed Motion to Seal filed by plaintiff Mars, Incorporated ("Mars") [Doc. No. 68]. This motion will be decided on Mars's written submissions [Doc. Nos. 68, 69] and without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 7.1(b)(4). In addition to its Brief, Mars filed a Supplemental Revised Declaration from an authorized representative of the company.

The underlying complaint in this patent infringement action was filed on June 17, 2005. Plaintiff alleges defendants infringed its patents regarding component parts of document handlers, including bill validators used in vending machines, gaming machines, and similar devices requiring validation of paper currency. In their answer defendants asserted several affirmative defenses and a counterclaim. These include, *inter alia*, a claim that plaintiff and/or its attorneys engaged in inequitable conduct

with the United Sates Patent and Trademark Office.

The present Motion to Seal arises in connection with plaintiff's Motion Under Rule 25(c)to Substitute MEI, Inc. for Mars, Incorporated [Doc. No. 63]. The essence of this motion is plaintiff's request to substitute MEI, Inc. ("MEI") for Mars as the named plaintiff in this lawsuit. Mars claims that the entire interest in and to the Patents-In-Suit was transferred from Mars to MEI when it sold substantially all of the assets of MEI during the pendency of this litigation. Mars claims that when this lawsuit was filed it was the record owner of the Patents-In-Suit and MEI was a wholly owned subsidiary of Mars. Also, that MEI was licensed by Mars to manufacture and sell the bill validators covered by the Patents-In-Suit. (See Plaintiff's Brief at 2, Doc. No. 63-2). Mars alleges that the sale to MEI "provided for the assumption by MEI of any and all liabilities of Mars resulting from Mars's use or ownership of the purchased assets." Id. In addition, that Mars assigned to MEI "the entire right, title, and interest in and to the Patents-In-Suit.... Accordingly, the purchased assets included the Patents-In-Suit." Id.

Defendant opposed Mars's substitution motion and argued, in part, that Mars should have attached to its motion the contract between Mars and MEI. ("To put this [contract] into evidence, Mars must submit the document itself along with an authentication

2

declaration, ...." (See Defendant's Brief at 4, Doc. No. 66-1).[1]

In the near future Mars will file its reply brief in support of its substitution motion. In its reply Mars intends to refer to various agreements between Mars, MEI and third-parties. It also intends to "set forth a provision from a purchase agreement that it executed with a third-party purchaser in order to consummate the sale of its subsidiary MEI, Inc." (See January 29, 2007 Letter Brief at 1, Doc. No. 68). Mars will also attach and cite to portions of the purchase agreement with MEI that refer to assumed benefits and liabilities and indemnity issues. Id. at 2. These are the documents and references Mars wants to seal. The parties designated these documents as "Confidential - Outside Counsel's Eyes Only" pursuant to the terms of a court approved Discovery Confidentiality Order. [Doc. No. 45]. The parties of course recognize that their agreement to keep a document confidential does not control whether the same document should be sealed.

It is well-established that there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). This is consistent with well established precedent, based on First Amendment considerations and the common law right of access to

---

[1] Defendants also argued, "Mars must provide the Agreement including the indemnifications from MEI to Mars as well as proof of MEI's financial ability to indemnify Mars under the counterclaims." Id. at 9.

3

judicial records, that documents filed with the court and judicial proceedings are open to the public. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978); FTC v. Lane Labs-USA, Inc., et al., C.A. No. 00-cv-3174(DMC), 2007 U.S. Dist. LEXIS 6430, *2 (D.N.J. 2007). Accordingly, when a party files a motion to seal of a "non-discovery nature" the moving party must demonstrate "good cause" for the protection of the material. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)(citations omitted). Courts generally protect materials containing "trade secret[s] or other confidential research, development, or commercial information" to prevent harm to a litigant's standing in the marketplace. See generally Faulman v. Security Mutual Financial, C.A. No. 04-5083 (AET), 2006 WL 1541059, *1 (D.N.J 2006); see also Fed. R. Civ. P. 26(c)(7).

Mars's request to seal is governed by L. Civ. R. 5.3 which provides in pertinent part that a request to seal must be presented by motion. The motion papers must describe "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." See L. Civ. R. 5.3 (c)(2). Rule 5.3 also provides that any order or opinion on any motion to seal "shall include findings on the factors set forth in (c)(2) ... as

well as other findings required by law ....″ L. Civ. R. 5.3 (c)(5). Pursuant to the requirements of the Local Rules, this Court will undertake to examine the factors in Rule 5.3(c)(2)

(a) <u>The Nature of the Materials or Proceedings at Issue</u>

This has already been described. The materials at issue are confidential agreements involved in the transfer of the Patents-In-Suit from Mars to MEI.

(b) <u>The Legitimate Private or Public Interests Which Warrant the Relief Sought</u>

Mars asks to protect from disclosure the terms of various private agreements. Mars also alleges that according to the terms of its purchase agreement, Mars is contractually obligated to maintain secret trade information related to the sale of MEI. The Court finds that Mars has a legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public.

(c) <u>The Clearly Defined and Serious Injury that Would Result if the Relief Sought is Not Granted</u>

Mars alleges it will be seriously prejudiced if its motion is not granted because the "public disclosure of Mars's Confidential Information will dampen Mars's ability to negotiate effectively favorable terms on which it is willing to condition future sales and/or acquisitions." <u>See</u> February 7, 2007 Declaration of Raymond R. Castello, Esquire, ¶11. Mars also alleges absent an order to

5

seal it "will suffer a competitive injury by having its Confidential Information disclosed to the public". Id. The Court finds that this is a particularized showing of a serious injury that would result from disclosure. Mars should not have to sacrifice its competitive negotiating position in its business in order to effectively pursue its substitution motion. Mars also argues it will be injured if its motion to seal is denied because then it cannot refer to the actual documents at issue. The Court credits Mars's argument. If the actual language of the agreements in question is critical to the issue of whether MEI should be substituted for Mars, an issue this Court is not deciding at this time, Mars will be injured if it is prevented from filing a complete reply brief.

(d) Why a less Restrictive Alternative to the Relief Sought Is Not Available

Although there is no less restrictive alternative available than sealing the documents in question, the relief requested by Mars is too broad. Mars asks the court to seal the entirety of its reply brief and supporting Declaration. The Court believes that only the actual contract documents at issue and the specific language used therein should be sealed. The fact that the public may know about the mere existence of an indemnity agreement or assumption of liability provision between Mars and MEI does not create a competitive disadvantage for Mars. Only the revelation of Mars's

6

actual agreements and the specific contractual language used therein would create a competitive disadvantage if revealed.

Accordingly, for all the foregoing reasons, good cause exists to grant Mars's Motion to Seal. The Court finds that Mars has met the elements in L. Civ. Rule 5.3(c)(2) and Mars's interest in protecting the referenced confidential business information outweighs the public interest in gaining access to the documents. Furthermore, the Court finds that no adverse impact will result to the public from the granting of Mars's motion.

Based upon the foregoing, it is hereby ORDERED this 13th day of February, 2007, that Mars's Motion to Seal [Doc. No. 68] is GRANTED in accordance with the terms of this Opinion and Order. The only portions of Mars's reply to defendants' opposition to its Rule 25(c) Motion that shall be sealed or redacted are the specific portions that refer to the actual language used in the documents referenced in this Order, and copies of the purchase agreements themselves. One complete copy of Mars's unredacted papers shall be sent directly to this Court in accordance with the applicable briefing schedule.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge