[Doc. No. 63]

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | | |
|---|---|---|
| MARS, INCORPORATED, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 05-3165(RBK) |
| | : | |
| JCM AMERICAN CORP., et. al., | : | |
| | : | |
| Defendants. | : | |

### OPINION AND ORDER

_____This matter is before the Court on Plaintiff's Motion Under Rule 25(c) to Substitute MEI, Inc. ("MEI") for Mars, Incorporated ("Mars")[Doc. No. 63]. Mars seeks to substitute MEI for itself as the named plaintiff based upon its claim that the rights and interests in the patents-in-suit were transferred from Mars to MEI. Oral argument on Mars's Motion was held on February 16, 2007. For the reasons discussed below, Mars's Motion is denied but the Court will order MEI joined as a party plaintiff pursuant to Rule 25(c).

Mars filed this action against Defendants, JCM American Corp. and Japan Limited Cash Machine Co., LTD., on June 17, 2005 for alleged patent infringement. Mars alleges that during the pendency of this litigation it transferred "the entire right, title, and interest in and to the patents-in-suit" to MEI. (See Mars's Brief at 2). Mars contends MEI has been the record owner of the patents-in-suit since June 19, 2006. (See Mars's February 26, 2006 Letter Brief at 1). Mars argues that since the patents-in-suit were transferred to MEI, MEI is the proper plaintiff to enforce any rights under the patent. Mars further argues that since the sale of the patent to MEI, MEI has been directing the course of this litigation. Finally, Mars argues that "[t]he Purchase

Agreement [for the sale of MEI to a confidential buyer] demonstrates that substitution is appropriate because MEI has, through its present owners, assumed any liability of Mars in this lawsuit."[1]   (See Mars's Reply Brief [Doc. No. 76] at 7).

Defendants oppose Mars's Motion.  Defendants argue that the assignment of the patent to MEI is not evidence that "Mars actually transferred the entire right, title and interest to the *Reexamination Application which replaces the '352 Patent-in-Suit* over to MEI."  (See Defendants' Brief at 5).  Defendants further argue that the pending counterclaims against Mars for initiating this action "based upon patents which it knew to be invalid and not infringed" prevent complete dismissal of Mars.  Id. at 6.  In addition, Defendants allege they will be prejudiced if Mars is dismissed because, assuming MEI is required to indemnify Mars, they have no assurances MEI will have the financial resources to pay any judgment against Mars.  Finally, Defendants argue that MEI is not the proper party to enforce the patents-in-suit because the assets of MEI were sold to a confidential buyer.

The substitution of a party due to a transfer in interest is governed by Federal Rule of Civil Procedure 25(c).  Rule 25(c) provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."  "A 'transfer of interest' in a corporate context occurs when one corporation becomes the successor by merger or other acquisition of the interest the original corporate party had in the lawsuit."  Luxliner P.L. Export Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 71 (3d Cir. 1993) (citations

---

[1] The identity of the buyer of the assets of MEI has been sealed pursuant to the February 13, 2007 Opinion and Order [Doc. No. 73] of this Court.

omitted).  Rule 25(c) does not require a party to take any action after an interest has been transferred.  Id.  A judgment obtained against the original defendant is binding on the successor even if the successor is not a named party.  Id.  Moreover, "when an interest has been transferred, the action may properly continue under the name of the transferor without any effect upon the outcome."  PP Inc. v. McGuire, 509 F.Supp. 1079, 1083 (D.N.J. 1981) (internal citations omitted).  Since joinder or substitution under Rule 25(c) is a procedural device that does not typically alter the substantive rights of a party, a Rule 25(c) decision is generally left to the court's discretion.  Luxliner, 13 F.3d at 71-72.

The only evidence presently before this Court on the respective rights and interests of Mars and MEI for the patents-in-suit are the competing affidavits of the parties.  The parties agree that at one time at least a portion of the rights and interests in the patents-in-suit were transferred from Mars to MEI.  However, the parties disagree concerning the extent of the rights and interests that presently exist.  Mars contends it sold all of its rights and interests in the patents-in-suit to MEI and that the assets of MEI were sold to a confidential buyer.  Defendants contend, however, that (1) the assignment of the reexamination rights under the patents-in-suit were not transferred from Mars to MEI and/or (2) the rights and interests under the patents-in-suit now lie with the confidential buyer, not MEI.

The present record provided by the parties does not clearly indicate, nor is this Court prepared to rule, whether Mars, MEI, or a third party presently owns the rights and interests in the patents-in-suit.  Consequently, it is not appropriate for the Court to rule at this time that MEI should be substituted for Mars.  In the context of a Rule 25(c) substitution motion, the Third Circuit addressed an analogous situation in Luxliner where the parties submitted competing

affidavits concerning the alleged successor liability of two companies.  The decision in Luxliner indicates that a court cannot decide disputed successor liability fact issues by simply evaluating the parties' affidavits.  Luxliner, 13 F.3d at 72 (citations omitted).  The Court held that an evidentiary hearing is necessary to resolve this issue.  Id.  Due to the uncertainty over the rights and interests in the patents-in-suit in this case, this Court exercises its discretion to decline to substitute MEI for Mars.

Although the record at this time is insufficient to determine exactly what rights and obligations were transferred from Mars to MEI or a third party, Mars contends that MEI now holds rights and interests in the patents-in-suit which makes them a party in interest.  See Intech Marketing, Inc. v. Hasbro, Inc., 685 F.Supp. 436, 439 (D.N.J. 1988) (citing Independent Wireless Tel. Co. v. Radio Corp. of America, 269 U.S. 459, 466 (1926)).  In an effort to assure that the proper parties are named in this case, this Court is exercising its discretion to join MEI as a party plaintiff with Mars pursuant to Rule 25(c).[2]

Accordingly, upon consideration of the written submissions of the parties and the arguments on the record during oral argument on February 16, 2007, and for the foregoing

---

[2] Defendants argue in their Sur-Reply [Doc. No. 79] that Mars and MEI do not have standing to pursue this litigation.  Although Plaintiff has the burden of proving standing, it has not had an adequate opportunity to fully address Defendants' objections.  As a result, this Court declines to address Defendants' standing objection at this time.  If the Defendants object to Plaintiffs' standing to bring this suit, they should file a separate motion which shall be returnable before the District Court.  This will assure that Mars and MEI have a full and fair opportunity to respond to the Defendants' objections.  See Storino v. Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003).  "[T]he record must clearly establish that after jurisdiction was challenged the plaintiff had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing, in support of his jurisdictional contention."  Berardi v. Swanson Memorial Lodge No. 48 of the Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990) (quoting Local 336, American Federation of Musicians, AFL-CIO v. Bonatz, 475 F.2d 433, 437 (3d Cir. 1973)).

reasons,

IT IS on the 9th day of March 2007 hereby

ORDERED that Mars's Motion pursuant to Rule 25(c) to substitute MEI, Inc. for Mars, Incorporated is DENIED; and it is further

ORDERED that MEI shall be joined as a party plaintiff with Mars pursuant to Rule 25(c); and it is further

ORDERED that nothing in this Order prejudices Mars's right to re-apply for substitution of MEI after the rights and obligations of the parties become more developed through discovery; and it is further

ORDERED that Plaintiffs are directed to file and serve, in accordance with the applicable Federal Rules of Civil Procedure, an Amended Complaint reflecting the addition of MEI, Inc. as a named plaintiff no later than **March 19, 2007**; and it is further

ORDERED that if Defendants challenge the standing of Mars and MEI to pursue this litigation, they are directed to file a dispositive motion on the issue that shall be returnable before the Honorable Robert B. Kugler, U.S.D.J.  The deadline for filing dispositive motions will be set for a date after the end of fact discovery.  There is no bar to the Defendants filing a dispositive motion prior to the deadline.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge