(Not for publication)                                              (Docket Entry Nos. 151, 155)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| MARS, INC. and MEI, INC., | : | |
| Plaintiffs, | : | Civil No. 05-3165 (RBK) |
| v. | : | **OPINION** |
| JCM AMERICAN CORP. and JAPAN CASH MACHINE CO. LTD., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

      This matter comes before the Court on a motion by Defendants JCM American Corp. and Japan Cash Machine, Co., Ltd. ("Defendants") seeking dismissal with prejudice of Plaintiffs Mars, Inc. ("Mars") and MEI, Inc.'s ("MEI") complaint and seeking the establishment of a briefing schedule and limited discovery related to the awarding of attorney's fees and costs. Defendants argue that Plaintiffs' complaint should be dismissed because Mars did not have standing when this suit was filed. JCM further argues that the case should be dismissed with prejudice because Plaintiffs did not produce until October of 2008 an agreement that shows that Mars did not own the patent at issue when it filed this suit.

      Also before the Court is Plaintiffs' cross-motion to amend the First Amended Complaint and for a protective order from JCM's discovery requests. Plaintiffs seek to amend their complaint to reflect that Mars transferred all of its rights to the patent at issue to MEI, effective

January 1, 1996.

For the reasons expressed below, Defendants' motion will be granted in part and denied in part. The case will be dismissed without prejudice. Further, Defendants shall be entitled to recover the attorney's fees and costs associated with bringing this motion, as well as any additional costs incurred as the result of Plaintiffs' delay in producing the agreement which shows the 1996 transfer in ownership. Defendants shall also be entitled to conduct limited discovery on the issue of costs resulting from Plaintiffs' delay. Plaintiffs' motion to amend and for a protective order will be denied.

**I. BACKGROUND**

On June 17, 2005, Mars filed a complaint against Defendants alleging patent infringement in violation of federal law. In this complaint, Mars stated that it was the owner of United States Patent No. 5,577,589 ("the '589 patent"), an invention used in machines, known as "document handlers," that accept, identify, and store documents such as banknotes.[1]

On December 22, 2006, Mars filed a motion pursuant to Federal Rule of Civil Procedure 25(c) to substitute MEI for itself as Plaintiff in this action. Mars reiterated that it was the record owner of the '589 patent when the suit was filed, and stated that at that time MEI was a subsidiary of Mars licensed to manufacture and sell the bill validators covered by the patent. Mars stated that after filing this suit, it assigned to MEI the entire right, title and interest in and to the '589 patent. Mars presented to the court an agreement dated June 9, 2006, in which Mars purported to transfer its rights in certain intellectual property, including the '589 patent, to MEI.

---

[1] Mars also alleged that Defendants' bill acceptor infringed U.S. Patent No. 6,712,352 ("the '352 Patent"). All claims involving the '352 Patent were severed from this litigation on September 30, 2008.

Because the evidence presented by the parties did not clearly show whether Mars, MEI or a third party currently owned the patent, the Court joined MEI as a party plaintiff, rather than substituting MEI for Mars.

The motion to dismiss presently before the Court was filed after Plaintiffs produced, in October of 2008, a 1996 agreement ("the 1996 agreement") in which Mars transferred to MEI its entire interest in intellectual property relating to currency note acceptors, coin exchange mechanisms and other electronics products manufactured and sold by Mars and MEI. Mars did not mention the 1996 agreement in its January 2006 response to Defendants' First Set of Interrogatories, which had specifically asked for "each agreement, covenant or license as between MARS, INCORPORATED and any other legal entity including but not limited to Mars Electronics International, Inc. [MEI], relating to the Patents-in-Suit." Furthermore, Mars did not produce the 1996 agreement in its January 2006 response to Defendants' First Set of Requests for the Production of Documents and Things, which had specifically requested "[a]ll documents relating to all licenses, contracts, royalty arrangements or other agreements made by MARS and any other person or company related to the Patents-in-Suit."

The 1996 agreement figured prominently in an earlier patent infringement suit filed by Mars and MEI, Mars v. Coin Acceptors, Inc., No. 90-49 (D.N.J.). In Coin Acceptors, Mars and MEI were represented by McCarter & English and Fish & Richardson, as they are in this case. A May 14, 2002 declaration of a Mars employee described the 1996 agreement.[2] Mars' December 28, 2005 motion to amend its complaint to add MEI as a co-plaintiff also described the 1996

---

[2] Mars took the position that this agreement transferred the beneficial interest in, but not legal title to, the intellectual property.

agreement. Further, the 1996 agreement was attached to a motion for summary judgment filed by Coin Acceptors on December 22, 2006. Ultimately, on June 2, 2008, the Federal Circuit Court of Appeals held that the 1996 agreement transferred ownership in the intellectual property at issue from Mars to MEI, and therefore that Mars did not have standing after December 31, 1995. Mars, Inc. v. Coin Acceptors, Inc., 527 F.3d 1359, 1370 (Fed. Cir. 2008).

## II. DISMISSAL BASED ON LACK OF STANDING

Defendants argue that Plaintiffs' complaint should be dismissed because Mars lacked standing to sue for infringement of the '589 patent at the time the suit was filed, and therefore this Court lacks subject matter jurisdiction over this case.

### A. Standard

A motion to dismiss based on lack of standing must be brought under Federal Rule of Civil Procedure 12(b)(1) because standing is jurisdictional. Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007). A motion to dismiss for lack of subject jurisdiction pursuant to Rule 12(b)(1) may be brought at any time and may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In the second type of 12(b)(1) motion, the court does not presume that the allegations in the plaintiff's complaint are true, and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. Furthermore, the plaintiff has the burden of proving that the court has subject matter jurisdiction. Id. If a court lacks subject matter jurisdiction, it must dismiss the case without prejudice. In re Orthopedic "Bone Screw" Products Liability Litigation, 132 F.3d 152, 155-56 (3d Cir. 1997).

### B. Discussion

Only a patentee has standing to sue for patent infringement. See 35 U.S.C. § 281 (2006) ("A patentee shall have remedy by civil action for infringement of his patent."); Ortho Pharm. Corp. v. Genetics Inst., Inc., 52 F.3d 1026, 1030 (Fed. Cir. 1995) ("Without the patentee as plaintiff, the remedies provided in the patent statute are unavailable except in extraordinary circumstances 'as where the patentee is the infringer, and cannot sue himself.'" (internal citation omitted)). Under the Patent Act, "[t]he word 'patentee' includes not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d).

"In the area of patent infringement . . . if the original plaintiff lacked article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing . . . ." Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 402 F.3d 1198, 1203 (Fed. Cir. 2005) (citing Paradise Creations, Inc. v. U V Sales, Inc., 315 F.3d 1304, 1309 (Fed. Cir. 2003)). In Paradise Creations, however, the court denied a motion to amend the complaint to add an additional plaintiff, while here, by contrast, MEI has already been added as a plaintiff.

In some circumstances, courts allow a case to continue, even when the original plaintiff did not have standing. For example, appellate courts may allow the addition of parties to resolve questions of standing. See Mullaney v. Anderson, 342 U.S. 415, 416-17 (1952) (allowing two plaintiffs to be added to resolve question of standing that arose at appellate level). Furthermore, in some cases, courts allow an intervenor to continue a suit where the court does not have jurisdiction over the original plaintiff's claim. See Fuller v. Volk, 351 F.2d 323, 328 (3d Cir. 1965) (citing Hackner v. Guaranty Trust Co., 117 F.2d 95, 98 (2d Cir. 1941)). In Mullaney and

Fuller, the courts found that the interest of efficiency justified the continuation of the cases even where the courts did not have jurisdiction over the claims of the original plaintiffs.

In this case, however, there is an additional reason for dismissing this suit. MEI was added as a plaintiff under Rule 25(c), based on Mars' argument that it transferred its interests in the patent to MEI during the course of this suit. When a party is added or substituted as a plaintiff under Rule 25(c), it may assert only the claims of the original plaintiff. See Minnesota Mining & Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256, 1263 (Fed. Cir. 1985). In Minnesota Mining, the court explained the effect of the joinder of a successor in interest under Rule 25(c): "The transferee is not joined because its substantive rights are in question; rather, the transferee is brought into court solely because it has come to own the property in issue. The merits of the case, and the disposition of the property, are still determined vis-a-vis the originally named parties." Id. The Minnesota Mining court cited Matter of Covington Grain Co., in which the Fifth Circuit Court of Appeals stated that "[r]ule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the [original] action to continue unabated when an interest in the lawsuit changes hands." Id. (quoting Matter of Covington Grain Co., 638 F.2d 1362, 1364 (5th Cir. 1981)).

In this case, Mars filed its motion to substitute MEI under Rule 25(c), arguing that it had transferred its interests in the patent to MEI after filing this suit. Furthermore, Rule 25(c) was the basis for Judge Schneider's order adding MEI as a Plaintiff. While Judge Schneider stated that when he joined MEI as a plaintiff he "did not limit what rights they had in any manner," this Court finds that Judge Schneider did not intend to give MEI rights beyond those sought in Mars' motion to substitute under Rule 25(c). Therefore, MEI could assert only those claims that Mars

6

could assert when it filed this action. Mars, because of its lack of standing, could not assert a claim of infringement of the '589 patent, and therefore MEI, joined as a successor in interest, cannot do so. For this reason, this suit must be dismissed. The dismissal shall be without prejudice.

### III. PLAINTIFFS' MOTION TO AMEND

Plaintiffs have moved to amend the complaint to reflect the transfer of the interest in the '589 patent from Mars to MEI in 1996. Defendants oppose this motion. A plaintiff may amend its complaint after a responsive pleading has been filed "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. However, a court may deny a motion to amend where amendment would be futile. Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005). An amendment is futile "where the proposed amendment would not cure an underlying jurisdictional defect in the action." Northlight Harbor, LLC v. United States, 561 F. Supp. 2d 517, 529 (D.N.J. 2008).

Here, as previously stated, because MEI has been added to this suit as a successor in interest, it may only assert those claims that Mars could assert with regard to the '589 patent. Plaintiffs' proposed amendment does not cure the fundamental problem. Therefore, Plaintiffs' motion to amend is denied.

### IV. DISCOVERY VIOLATIONS

In addition to arguing that this case must be dismissed based on Mars' lack of standing, Defendants argue that this case should be dismissed with prejudice because of Plaintiffs' failure to produce the 1996 agreement until October 2008. Plaintiffs' long delay in producing the 1996 agreement, which had played an important role in their previous infringement suit, warrants

serious sanctions. However, the sanction of dismissal with prejudice is not appropriate.

When a court lacks subject matter jurisdiction over a case, it may not dismiss the case with prejudice based on a party's discovery violations. See In re Orthopedic "Bone Screw" Products Liability Litigation, 132 F.3d at 156-57 (reversing district court's dismissal with prejudice but upholding monetary fine imposed for contempt). The court may, however, impose other sanctions. See id. (stating that court without subject matter jurisdiction may still "exercise its authority over the person before the court in the interest of enforcing compliance with the court's procedures.").

In this case, because of Plaintiffs' considerable delay in producing an important document, Defendants shall be awarded the attorney's fees and costs associated with bringing this motion to dismiss, as well as the discovery costs they incurred that could have been avoided had Plaintiffs timely produced the 1996 agreement.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion is granted in part and denied in part. This case is dismissed without prejudice. However, should MEI choose to file a new complaint, the discovery that has already taken place shall carry over to the new action. Furthermore, Defendants shall be entitled to the attorney's fees and costs associated with bringing their motion and the discovery costs incurred as a result of Plaintiffs' delay in producing the 1996 agreement. Accordingly, Defendants may conduct limited discovery related to the costs incurred as a result of Plaintiffs' delay in producing the 1996 agreement. Plaintiffs' motion to amend and for a protective order is denied. An accompanying order shall issue today.

Dated: 12/23/08              s/Robert B. Kugler
                             ROBERT B. KUGLER
                             United States District Judge